NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SHELLEY DAVIMOS,

          Plaintiff,

v.

JETSMARTER, INC., et al.,

          Defendants.

Civil Action No. 18-15144 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Defendants Nicole Russell, David Sheriden, and JetSmarter, Inc.'s ("Defendants" or "JetSmarter") Motion to Dismiss and Compel Arbitration. (ECF No. 14.) Plaintiff Shelley Davimos ("Plaintiff") opposed (ECF No. 16), and Defendants replied (ECF No. 19).[1] The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendants' Motion to Dismiss and Compel Arbitration is granted in part and denied in part.

**I.    Background**

In or about January 2015, Plaintiff entered into an agreement with JetSmarter to use JetSmarter's private jet booking services, in which she would pay a $9,000 year annual membership fee and would be able to fly on Defendants' private jets for no additional costs. (Defs.' Motion to Dismiss, Ex. 1 ("Am. Compl.") ¶¶ 5-7, ECF No. 7-3.) To become a member of

---

[1] The Court has also reviewed the Parties' Notice of Supplemental Authority. (*See* ECF Nos. 20, 21, 22, 23, 24, 26, 28, 29, 31.)

Defendants' services, Plaintiff entered into a membership agreement ("Membership Agreement"), and Plaintiff paid the annual membership fee in full. (*Id.* ¶¶ 28, 40.)

The Membership Agreement contains an arbitration provision, providing:

> Any claim or dispute between the parties and/or against any agent, employee, successor, or assign of the other, whether related to this Agreement, any of the Terms and conditions, or the relationship or rights or obligations contemplated herein, including the validity of this clause, shall be resolved exclusively by binding arbitration by the American Arbitration Association by a sole arbitrator under the Commercial Arbitration Rules and the Supplementary procedures for Consumer Related Disputes then in effect, which are deemed to be incorporated herein by reference . . . . The place of arbitration shall be Broward County, Florida.

(Defs.' Motion to Dismiss, Ex. 3 ("Membership Agreement") ¶ 18, ECF No. 14-7.) The Membership Agreement also includes a clause, entitled "Governing Law," which provides: "This Agreement and all the rights of the parties hereunder shall be governed by, construed and enforced in accordance with the laws of the State of Florida without reference to the conflict of law principles of any jurisdiction." (*Id.* ¶ 17.)

During the first few years of Plaintiff's membership with JetSmarter, Plaintiff had no issues with JetSmarter's services. (Am. Compl. ¶ 11.) Several months after her last renewal, however, Plaintiff was informed that despite initially being told that no changes to her benefits would be made, Defendants began to impose additional travel fees. (*Id.* ¶¶ 16-17.)

Plaintiff initiated this matter in the Superior Court of New Jersey, Monmouth County, Law Division, and brought the following three causes of action: Consumer Fraud (Count One); Respondeat Superior (Count Two); and Fraud (Count Three). (*Id.* ¶¶ 19-43.) On October 10, 2018, Defendants removed the matter to this Court. (Defs.' Notice of Removal, ECF No. 1.)

On December 14, 2018, Defendants filed the instant Motion to Dismiss and Compel Arbitration, arguing that this matter is subject to a valid arbitration agreement. (*See generally,*

Defs.' Moving Br. 5-7, ECF No. 14-1.) In the alternative, Defendants request that the Court stay the matter pending resolution of a class action arbitration involving similar issues to the claims Plaintiff raises in the instant Amended Complaint. (*Id.* at 19-22.)

## II.   **Legal Standard**

As a threshold matter, the parties dispute whether the Court should review the instant motion under Federal Rule[2] of Civil Procedure 12(b)(6) or Rule 56. Plaintiff argues that the applicable standard should be Rule 56. (Pl.'s Opp'n Br. 6-9, ECF No. 16.) Plaintiff argues that the arbitration agreement does not specify the types of disputes subject to arbitration, thus Plaintiff's intent to be bound by the arbitration agreement for this dispute is a material question of fact and the Rule 56 standard should apply. Defendants counter that it is undisputed that "Plaintiff entered into an enforceable agreement containing an equally enforceable arbitration provision." (Def. Reply Br. 2, ECF No. 19.)

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings," yet, an exception to that rule is that the Court may consider "a document integral to or explicitly relied upon in the complaint . . . without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citation omitted). Here, Plaintiff explicitly relies upon the Membership Agreement in the Complaint, and therefore, the Court may consider that agreement in evaluating Defendants' Motion to Dismiss.

Moreover, in *Guidiotti v. Legal Helpers Debt Resoultion, LLC*, the Third Circuit clarified the standard for district courts to apply in deciding a motion to compel arbitration. 716 F.3d 764, 772 (3d Cir. 2013.) The Third Circuit provided:

---

[2] Unless otherwise noted, all references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

3

> [W]hen it is apparent, based on the face of a complaint, and documents relied upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay . . . . But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question.

*Id.* at 776 (internal quotation marks and citations omitted).

Here, it is apparent from the face of the Membership Agreement that Plaintiff's claims are subject to an enforceable arbitration agreement as set forth in Section 18 of the Membership Agreement. As such, the Court declines to convert Defendants' Motion to Dismiss into a summary judgment motion and reviews Defendants' Motion pursuant to Rule 12(b)(6).

## III. Discussion

Congress enacted the Federal Arbitration Act, 9 U.S.C. §§ 1-14 ("FAA"), to thwart "widespread judicial hostility to arbitration agreements." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). The FAA "creates a body of federal substantive law establishing the duty to respect agreements to arbitrate disputes." *Century Indem. Co. v. Certain Underwriters at Lloyd's*, 584 F.3d 513, 522 (3d Cir. 2009). The FAA declares that "[a] written provision in any . . . contract . . . to settle by arbitration . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

"Whe[n] there is a contract between the parties that provides for arbitration, there is 'an emphatic federal policy in favor of arbitral dispute resolution.'" *Hoover v. Sears Holding Co.*, No. 16-4520, 2017 WL 2577572, at *1 (D.N.J. June 14, 2017) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 631 (1985)). Therefore, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."

4

*Raynor v. Verizon Wireless, LLC*, No. 15-5914, 2016 WL 1626020, at *2 (D.N.J. Apr. 25, 2016) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)).

"[I]n deciding whether a party may be compelled to arbitrate under the FAA," the Court must determine: "(1) whether there is a valid agreement to arbitrate between the parties and, if so, (2) whether the merits-based dispute in question falls within the scope of that valid agreement." *Flintkote Co. v. Aviva PLC*, 769 F.3d 215, 220 (3d Cir. 2014) (quotation marks omitted) (quoting *Certain Underwriters at Lloyd's*, 584 F.3d at 527). Under Section 2 of the FAA, "an arbitration provision is severable from the remainder of the contract"; therefore, only challenges specifically to the validity of the arbitration agreement are relevant to "a court's determination of an arbitration agreement's enforceability." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 64 (2010) (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445 (2006)).

### A.     The Arbitration Provision is Valid

The parties disagree as to whether the Court should apply New Jersey or Florida state law to determine the validity of the arbitration provision. Plaintiff contends that the Court should apply New Jersey law because Plaintiff raises a claim under the New Jersey Consumer Fraud Act. (Pl.'s Opp'n Br. 9-12.) Defendants contend that the Court must apply Florida law, pursuant to the Membership Agreement's Governing Law provision. (Defs.' Reply Br. 4.) Further, Defendants aver that "Florida has a substantial relationship to the parties and transaction as all communications from JetSmarter were sent from its representatives located in Florida and JetSmarter is headquartered in Florida." (*Id.* at 4.)

In considering motions to compel arbitration, "the Court applies ordinary state-law principles that govern the formation of contracts . . . ." *Emcon Assocs. v. Zale Corp.*, No. 16-1985, 2016 WL 7232772, at *3 (D.N.J. Dec. 14, 2016) (quoting *Kirleis v. Dickie, McCamey & Chilcote*, 560 F.3d 156, 160 (3d Cir. 2009)). "Ordinarily, when parties to a contract have agreed to be

5

governed by the laws of a particular state, New Jersey courts will uphold the contractual choice if it does not violate New Jersey's public policy." *Id.* (quoting *N. Bergan Rex Transp. v. Trailer Leasing Co.*, 730 A.2d 843, 847 (N.J. 1999)); *see also Prescription Counter v. AmerisourceBergan Corp.*, No. 04-5802, 2007 WL 3511301, at *10 (D.N.J. Nov. 14, 2007) (finding that because the defendant corporation's principal place of business was in Georgia, there was "a reasonable basis for the parties' choice of law").

Here, the Membership Agreement expressly provides that any disputes shall be governed by Florida law and the Complaint alleges that JetSmarter's principal place of business is located in Florida. (Membership Agreement ¶ 18; Compl. ¶ 2). Further, upholding a Governing Law provision mandating application of Florida law will not violate New Jersey's public policy because both New Jersey and Florida "favor[] arbitration as a mechanism [for] resolving disputes." *Martindale v. Sandvik, Inc.*, 800 A.2d 872, 877 (N.J. 2002) ("[O]ur courts have held on numerous occasions that agreements to arbitrate are not violative of public policy"); *see also Rey v. Bonati*, No. 08-806, 2008 U.S. Dist. LEXIS 125842, at *3 (M.D. Fla. July 30, 2008) (citation omitted) ("It is well settled under Florida law that arbitration is a favored means of dispute resolution and that courts should indulge every reasonable presumption to uphold these agreements."). The Court, accordingly, finds Florida law applies.[3]

---

[3] Notwithstanding the Court's determination that Florida law applies, the Court is not persuaded by Plaintiff's arguments that the arbitration provision would be invalid under New Jersey law. (*See* Pl.'s Opp'n Br. 15-17.) Unlike the arbitration clause in *Atalese*, the arbitration provision here expressly provides that all disputes "shall be resolved **exclusively** by binding arbitration . . . ." (Membership Agreement ¶ 18 (emphasis added).) *Atalese v. U.S. Legal Servs. Grp., L.P.*, 99 A.3d 306, 315-17 (N.J. 2014). Although the Court acknowledges that the arbitration provision does not explicitly address the differences between arbitration and pursuing relief within a court of competent jurisdiction, the subject arbitration provision's use of the term "exclusive" clearly signifies that the parties can pursue their claims only with binding arbitration, rather than pursuing relief in a court of competent jurisdiction. Moreover, the Court is not persuaded by Plaintiff's argument that New Jersey state law applies because her claims fall under the New Jersey Consumer Fraud Act. (Pl.'s Opp'n Br. 16.) Here, the Court only addresses arguments pertaining to "the

6

The arbitration provision at issue is valid under Florida law. Plaintiff, via a clickwrap agreement, assented to the terms of the Membership Agreement, which included the subject arbitration provision. Florida routinely enforces clickwrap agreements.[4] *See, e.g., Salco Distributors, LLC v. iCode, Inc.*, No. 05, 2006 WL 449156, at *2 (M.D. Fla. Feb. 22, 2006) ("In Florida and the federal circuits . . . [clickwrap] agreements are valid and enforceable contracts.").

Moreover, the arbitration provision clearly and unambiguously states that Plaintiff must submit to binding arbitration in the event any issue arises. (Membership Agreement ¶ 18.) The provision also provides that all disputes "shall be resolved **exclusively** by binding arbitration" and a "**sole arbitrator**" shall resolve those disputes. (*Id.* (emphasis added).) Thus, the arbitration provision is clear and unambiguous, and Plaintiff's waiver of her right to sue in court is apparent on the face of the arbitration provision. *See, e.g., Kaplan v. Kimball Hill Homes Fla., Inc.*, 915 So. 2d 755, 761 (Fla. 2d DCA 2005) ("[A]n agreement to arbitrate necessarily is understood to

---

validity and enforceability of the arbitration clause," because, "'[o]nce such a [valid arbitration] agreement is found, the merits of the controversy are left for disposition to the arbitrator.'" *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 179 (3d Cir. 1999) (quoting *Great West. Mort. Corp. v. Peacock*, 110 F.3d 222, 228 (3d Cir. 1997)); *see also Emcon Assocs.*, 2016 WL 7232772, at *3 (finding that the plaintiff's assertion that the contract's choice of law provision "does not contain language that prevents [the p]laintiff from asserting claims under New Jersey statutory law" was "irrelevant to the [c]ourt's choice of law analysis" and determination regarding the validity of the arbitration provision).

[4] New Jersey also enforces clickwrap agreements. *See, e.g., Davis v. Dell*, No. 07-630, 2007 WL 4623030, at *2 (D.N.J. Dec. 28, 2007), *aff'd*, No. 07-630, 2008 WL 3843837, at *4 (D.N.J. Aug. 15, 2008) ("Under [] New Jersey . . . law, when a party uses his [or her] computer to click on a button signifying his [or her] acceptance of terms and conditions in connection with an online transaction, [the party] thereby manifests his [or her] assent to an electronic agreement."). The party will be bound by the terms of the clickwrap agreement even if the party did not review the terms and conditions of the agreement before assenting to them. *Singh v. Uber Techs. Inc.*, 235 F. Supp. 3d 656, 665-66 (D.N.J. Jan. 30, 2017) ("[A] failure to read a contract will not excuse a party who signs it, nor will the party's ignorance of its obligation.") (internal quotation marks and citation omitted).

involve the relinquishment of the rights of access to courts and trial by jury."); *see also Henry v. Pizza Hut of Am., Inc.*, No. 07-1128, 2007 WL 2827722, at *6 (M.D. Fla. Sept. 27, 2007) (internal quotation marks and citation omitted) ("[The] loss of the right to [a] jury trial is a fairly obvious consequence of an agreement to arbitrate.").

Finally, Plaintiff's arguments pertaining to the Membership Agreement's validity as a whole (*see* Pl.'s Opp'n Br. 21), and not the arbitration provision specifically, must be decided by the arbitrator. *See Hoover*, 2017 WL 3923295, at *2 (quoting *Buckeye Check Cashing, Inc.*, 546 U.S. at 446 ("[U]nless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator[.]")). The Court, accordingly finds the subject arbitration provision is valid.

### B.     The Arbitration Provision Delegates Arbitrability

The Court next turns to the issue of arbitrability, *i.e.*, whether the issue falls within the scope of the Membership Agreement. *See, e.g., Beture v. Samsung Elecs. Am., Inc.*, No. 17-5757, 2018 WL 4621586, at *9-10 (D.N.J. July 18, 2018). "[P]arties can agree to arbitrate gateway questions of arbitrability, such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Rent-A-Ctr., W., Inc.*, 561 U.S. at 68-69 (internal quotations omitted). "[W]hen the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 528 (2019). The Court may not decide the issue of arbitrability if a valid arbitration agreement delegates the issue of arbitrability to an arbitrator. *Id.* at 530.

Here, the arbitration provision expressly delegates the issue of arbitrability to an arbitrator; namely, it provides "**[a]ny claim or dispute** . . . whether related to this Agreement, any of the Terms and Conditions or the relationship or rights or obligations contemplated herein, **including**

8

**the validity of this clause**, shall be resolved exclusively by binding arbitration." (Membership Agreement ¶ 18 (emphasis added).) As such, the Court does not reach the issue of arbitrability, as that is a matter for the arbitrator's review.

The Court, therefore, finds the arbitration provision valid and the scope of that provision an issue for the arbitrator to review. The Court, accordingly, grants Defendants' Motion to Compel Arbitration.

## IV. Stay Pending Arbitration

Finally, the Court notes that Defendants move to both dismiss this action and compel arbitration. Defendants' only argument in support of the Court's dismissing, rather than staying, the matter consists of a single footnote providing in its entirety: "While the FAA requires a stay of any action subject to a valid arbitration agreement, this Court has the discretion to dismiss this action if all the issues raised are arbitrable." (Defs.' Moving Br. 9-10 n. 3 (citing *Hoffman v. Fid. & Deposit Co.*, 734 F. Supp. 192, 195 (D.N.J. 1990).) Defendants' bare assertion fails to persuade the Court that it should dismiss, instead of stay, the matter. *See, e.g., Mendez v. Puerto Rican Int'l Cos.*, 553 F.3d 709, 710-12 (3d Cir. 2009) (discussing, *inter alia*, Section 3 of the FAA, which "imposes a mandatory stay"). The Court, therefore, denies Defendants' Motion to Dismiss, and stays the matter pending the completion of arbitration pursuant to Section 3 of the FAA.

## V. Conclusion

For the reasons set forth above, it is hereby ordered that Defendants' Motion to Dismiss and Compel Arbitration is granted in part and denied in part. The Court will issue an order consistent with this Memorandum Opinion.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: July 15th, 2019